UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TYRA JOINER**<br>**O/B/O R.J.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 14-1315** |
| **CAROLYN W. COLVIN, ACTING**<br>**COMMISSIONER OF SOCIAL**<br>**SECURITY ADMINISTRATION** | **SECTION: "E"(5)** |

## ORDER

Before the Court is Plaintiff's motion for attorney's fees under the Equal Access to Justice Act (EAJA).[1] In the motion, Plaintiff seeks fees in the amount of $5,337.50 (30.50 hours at $175.00 per hour).[2] The Defendant has filed a limited response to Plaintiff's motion,[3] noting simply that an award of attorney's fees under the EAJA must be made payable to Plaintiff, not Plaintiff's attorney.[4] The Defendant otherwise does not oppose the motion or the amount of attorney's fees sought by Plaintiff under the EAJA.[5] Accordingly, and for the reasons stated herein, Plaintiff's motion for attorney's fees is **GRANTED**.

## I.     The EAJA and Number of Hours Claimed

The EAJA provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust.[6] A party who obtains a remand of a social security appeal pursuant to the fourth sentence of § 405(g)—such as the Plaintiff in this

---

[1] R. Doc. 20.
[2] R. Doc. 20-1 at 4.
[3] R. Doc. 21.
[4] R. Doc. 21 at 1–2.
[5] *See* R. Doc. 21.
[6] 28 U.S.C. § 2412(d)(1)(A).

case—qualifies as a prevailing party for purposes of fees under the EAJA.[7] The prevailing party is entitled to fees unless the government meets its burden of showing that its position was substantially justified or that special circumstances make an award unjust.[8] In this case, the Defendant does not oppose the motion,[9] and therefore does not contest that Plaintiff is the prevailing party and entitled to an award of EAJA fees. Furthermore, the Court has reviewed the itemization of charges submitted by Plaintiff's counsel, and has determined that the amount of time spent on the services performed is reasonable.[10]

## II.  Hourly Rate

In the motion, Plaintiff seeks to recover attorney's fees at an hourly rate of $175.00.[11] For the following reasons, the Court finds that such an hourly rate under the EAJA is appropriate in this district. The EAJA provides in relevant part that the amount of fees awarded:

> shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee.[12]

The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors."[13] Plaintiff bears the burden of proving that an increase in the cost of living or a special factor

---

[7] *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994). *See also Calvin v. Astrue*, No. 12-1144, 2014 WL 28864, at *1 (E.D. La. Jan. 2, 2014). On August 31, 2015, the District Court reversed the decision of the Social Security Administration and remanded the case to the Commissioner for further proceedings. *See* R. Doc. 20-1 at 2.
[8] *Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1988).
[9] The Defendant did file a brief response to the motion, but only to note the fees must be made payable to the Plaintiff, not the Plaintiff's attorney. R. Doc. 21 at 1–2. Defendant submits that Plaintiff is entitled to the amount requested in the motion. R. Doc. 21 at 1–2.
[10] Plaintiff's attorney expended 30.50 hours from May 2014 through September 2015. R. Doc. 20-2 at 1–2.
[11] R. Doc. 20-1 at 4.
[12] 28 U.S.C. § 2412(d)(2)(A).
[13] *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (citation omitted).

warrants a higher hourly rate.[14] In this case, Plaintiff points to a recent decision of this district in which $175.00 was accepted as a reasonable hourly rate under the EAJA.[15] Further, the Court is aware of other recent decisions in this district in which $175.00 was deemed to be a reasonable hourly rate for purposes of the EAJA.[16] Therefore, the Court finds that $175.00 per hour is a reasonable hourly rate in this district.

### III.   **To Whom Defendant Shall Remit the Award**

In Defendant's response to the present motion, Defendant notes "the Court must direct that any award of EAJA fees be payable to Plaintiff, not Plaintiff's attorney."[17] Defendant cites in support *Astrue v. Ratliff*, a recent decision of the United States Supreme Court.[18] The Court agrees with Defendant. In *Astrue*, the Supreme Court explicitly held "that a § 2412(d) fees award is payable to the litigant."[19] There, the Supreme Court interpreted the term "prevailing party" in 28 U.S.C. § 2412(d)(1)(A) to include only the litigant, and not the litigant's attorney.[20] Thus, this Court finds that any award of attorney's fees to Plaintiff must be made payable to Plaintiff, and not Plaintiff's attorney.

Accordingly;

---

[14] *See, e.g.*, *Knight v. Barnhart*, No. 02-1741, 2003 WL 21467533, at *2 (E.D. La. June 20, 2003).
[15] *See* R. Doc. 20-1 at 4 (citing *Dubois v. Soc. Sec. Admin.*, No. 13-2438, 2014 WL 6485639, at *2 (E.D. La. Nov. 18, 2014)).
[16] *See, e.g.*, *Cavin*, 2014 WL 28864, at *2.
[17] R. Doc. 21 at 1.
[18] R. Doc. 21 at 1.
[19] *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).
[20] *Id.* at 591–92. According to Justice Sotomayor, "The EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract." *Id.* at 599 (Sotomayor, J., concurring).

**IT IS ORDERED** that Plaintiff's motion is **GRANTED**, and Defendant is hereby ordered to pay attorney's fees to Plaintiff in the amount of $5,337.50 (30.50 hours at $175.00 per hour).

**New Orleans, Louisiana, this 23rd day of October, 2015.**

                                               */s/ Susie Morgan*
                                               **SUSIE MORGAN**
                                   **UNITED STATES DISTRICT JUDGE**